**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SAMUEL THOMAS WRIGHT,**

    Plaintiff,

    v.

                                                CASE No. 3:06-cv-860–J-16HTS

**MICHAEL D. KING,**

    Defendant.

_____/

**O R D E R**

Before the Court are Defendant, Michael D. King's Amended Motion to Dismiss Count II of the Complaint (the "Motion to Dismiss")(Dkt. 12) and Plaintiff, Samuel Thomas Wright's Memorandum of Law in Opposition (the "Response") (Dkt. 13). For the reasons that follow, Defendant's Motion to Dismiss (Dkt. 12) is **DENIED**.

**I.    The Plaintiff's Allegations**

Because the cause before the Court is a Motion to Dismiss, the Court accepts the allegations in Plaintiff's Complaint as true. The Complaint alleges the following facts:

On August 10, 2006, Plaintiff was pulled over by Defendant, a Florida Highway Patrolman, for allegedly driving over the posted speed limit. Defendant issued Plaintiff a speeding citation. Following the issuance of the citation, Defendant asked Plaintiff to get out of Plaintiff's vehicle and Defendant questioned Plaintiff about whether he was carrying any narcotics. Defendant then requested that he be allowed to search Plaintiff's vehicle for narcotics. Plaintiff agreed to the search, which revealed no narcotics.

Plaintiff claims that after the initial search, Defendant called for back-up and re-searched the vehicle. At some point prior to the re-search, Defendant placed Plaintiff in handcuffs and grabbed and squeezed Plaintiff's penis before placing Plaintiff in the back of Defendant's patrol car. The re-search revealed a closed bag[1] in the back of the vehicle and two (2) videotapes, allegedly containing obscene material. Upon discovery of the videotapes, Defendant called Plaintiff derogatory names and accused him of transporting obscene materials across state lines. Defendant arrested Plaintiff under Florida Statute § 847.06[2] and transported him to jail where Plaintiff remained until he was released on his own recognizance. The charges brought against Plaintiff were dismissed by the State Attorney's office.

Plaintiff filed his three-count Complaint (Dkt. 2) on August 31, 2006, claiming that as a result of the events of August 10, 2006, he was falsely arrested (Count I), maliciously prosecuted (Count II) and his civil rights were violated (Count III). As part of his Complaint, Plaintiff alleged that Defendant made false allegations against Plaintiff and that without these false allegations there would have been no arrest and no attempted prosecution of Plaintiff (Dkt. 2, ¶¶ 18-19).

Defendant claims that Count II "fails to state a cause of action for malicious prosecution because it does not allege sufficient ultimate facts to establish the elements necessary to state a malicious prosecution claim." (Dkt. 12, ¶ 2). Specifically, Defendant claims that Plaintiff failed to allege the absence of probable cause and the presence of malice.

---

[1] No discussion of the bag appeared in any of the proceedings.

[2] Fla. Stat. § 847.06 criminalizes "transportation into the state or within the state for the purpose of sale or distribution of any obscene book; magazine; periodical; pamphlet; newspaper; comic book; story; paper; written or printed story or article; writing; paper; card; picture; drawing; photograph; motion picture film; figure; image; phonograph record; or wire or tape or other recording, or other article capable of producing sound; or any other matter of obscene character . . ."

**II.  Standard of Review**

For Defendant to prevail on his Motion to Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, he must show beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988). In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. See Gasper v. La. Stadium and Exposition Dist., 577 F.2d 897, 900 (5th Cir. 1978). Therefore, at the motion to dismiss stage, this Court is required to accept all of the Plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to the Plaintiff. See e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274, n.1 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Consequently, a motion to dismiss a complaint must be decided on questions of law and questions of law only. Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968). When faced with a motion to dismiss for failure to state a cause of action, the Court must confine itself strictly to the allegations within the four corners of the complaint. Id.

**III.  Discussion**

To state a claim for malicious prosecution in Florida a plaintiff must establish six elements; i.e. he must show that: "(1) an original judicial proceeding against present plaintiff was commenced or continued;(2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a *bona fide* termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. Dist. Ct. App. 2002). As noted above,

3

Defendant claims that Plaintiff has not met his burden as to elements four and five. Defendant does not dispute the other elements of malicious prosecution.

Absence of probable cause is an essential element in a suit for malicious prosecution. Cold v. Clarke, 180 So.2d 347 Fla. 2d Dist. Ct. App. 1965). In that case, the court defined probable cause for a criminal prosecution as:

> [A] reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious, or as some courts put it, a prudent man in the belief that the party is guilty of the offense with which he is charged; as the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty if the offense for which he was prosecuted, and as such facts and circumstances, as when communicated to the generality of men of ordinary and impartial minds, are sufficient to raise in them a belief of real, grave suspicion of the guilt of the person.

Id at 349 (citing 34 Am.Jur 731).

In an action for malicious prosecution, the question of probable cause is a mixed question of law question of law and fact. Id. It is inappropriate for a court to decide factual issues on a motion to dismiss. Instead, a court must accept as true the factual allegations in the complaint. Assuming Plaintiff's allegations in this case are true, the Court holds that a lack of probable cause is sufficiently alleged. Plaintiff alleges that Defendant made a false allegation to effect Plaintiff's arrest and prosecution. Confined as the Court is to the four corners of the Complaint, it cannot be said as a matter of law that the allegations in the Complaint fail to state a cause of action. For the Court to make any other observation would require it to elicit further information from Defendant and make factual determinations that would be inappropriate in the context of a motion to dismiss.

Defendant's claim that Plaintiff failed to show malice also fails. Plaintiff is correct that he need not show actual malice (Dkt. 13 at p. 1). Rather, legal malice is sufficient and may be inferred from,

4

*inter alia*, lack of probable cause.  <u>Durkin v. Davis</u>, 814 So.2d 1248.  In this case, the allegations supporting a lack of probable cause are evidence from which malice can be inferred. <u>Id</u>. at 1248-49.

Defendant is reminded that a Motion for More Definite Statement may have been a more appropriate method of eliciting more particularized allegations as to lack of probable cause. Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 12) is **DENIED**.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 8th day of January, 2007.

_____
JOHN H. MOORE II
United States District Judge

**Copies to:**     Counsel of Record